FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 13 2012

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
JAMES A. GOEKE
Assistant United States Attorney
KARLA GEBEL PERRIN
Special Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-12-6047-FVS-1 |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| SMITH CHROME PLATING, INC., | |
| Defendant. | |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, James A. Goeke, Assistant United States Attorney, and Karla Gebel Perrin, Special Assistant United States Attorney for the Eastern District of Washington, and Defendant SMITH CHROME PLATING, INC., and the Defendant's counsel, John T. Cooke, agree to the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure as discussed below:

1. **Guilty Plea and Maximum Statutory Penalties**:

The Defendant, SMITH CHROME PLATING, INC., agrees to plead guilty to Count 1 the Information charging a Violation of a

PLEA AGREEMENT                           1

Requirement of a Pretreatment Program (a Clean Water Act offense), in violation of 33 U.S.C. §§ 1319(c)(1)(A) and 1342(b)(8). The Defendant understands that this is a Class A misdemeanor which carries a maximum penalty for this organizational Defendant of five (5) years probation, a $25,000 fine (per day of violation), or both, and a $125 special assessment. The Defendant further agrees to waive presentment of the Information to a Grand Jury and agrees to execute a Waiver of Indictment to that effect.

2. **The Court is Not a Party to the Agreement**:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant understands that if the Court does not accept the plea, does not accept this Plea Agreement, chooses to sentence the Defendant to a greater or lesser sentence than the United States and the Defendant have agreed upon in this Plea Agreement, or rejects any of the provisions the United States and the Defendant have agreed to pursuant to Federal Rule of Criminal

PLEA AGREEMENT                          2

Procedure 11(c)(1)(C), the Defendant may withdraw his plea and withdraw from this Plea Agreement and the United States may also withdraw from this Plea Agreement for the same reasons.

3.  **Defendant SMITH CHROME PLATING, INC. Organization:**

Defendant, SMITH CHROME PLATING, INC., understands that this Plea Agreement is intended to bind SMITH CHROME PLATING, INC., and that if the Defendant changes names, reorganizes, merges, or otherwise ceases operations in its current form, the person or entity acquiring the assets or taking over the operation of Defendant's company shall take over the obligations of this Plea Agreement. The Defendant further agrees to provide the United States Attorney's Office for the Eastern District of Washington and the United States Probation Office for the Eastern District of Washington with immediate notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting the operation of its business.

No name change, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter the Defendant's responsibilities under this Plea Agreement. The Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this Plea Agreement. This Plea Agreement, together with all of the obligations and terms thereof, shall inure to the benefit and shall bind assignees,

PLEA AGREEMENT                     3

subsidiaries, successors-in-interest, or transferees of the Defendant.

4. **Waiver of Constitutional Rights:**

The Defendant, SMITH CHROME PLATING, INC., understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    (a.) The right to a jury trial;

    (b.) The right to see, hear and question the witnesses;

    (c.) The right to remain silent at trial;

    (d.) The right to testify at trial; and

    (e.) The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

5. **Elements of the Offense:**

The United States and the Defendant agree that in order to convict the Defendant of a Violation of a Requirement of a Pretreatment Program (a Clean Water Act offense), in violation of 33 U.S.C. §§ 1319(c)(1)(A) and 1342(b)(8), the United States would have to prove beyond a reasonable doubt the following elements:

PLEA AGREEMENT                           4

(a.) On or about the dates charged in the Information, the Defendant discharged or caused to be discharged industrial waste from the Smith Chrome Plating, Inc. facility;

(b.) The pollutant was discharged into a publicly owned treatment works (to wit, the City of Walla Walla's wastewater treatment plant);

(c.) The discharge violated the terms of the Washington State Waste Discharge Permit issued to Smith Chrome Plating, Inc. (to wit, by failing to monitor, sample, record, and report such discharges);

(d.) The requirement was part of an approved pretreatment program (to wit, a pretreatment program approved under 33 U.S.C §§ 1342(a)(3) and 1342(b)(8).

(e.) The Defendant acted negligently.

## 6. Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant SMITH CHROME PLATING, INC.'s guilty plea:

(a.) Factual Overview.

Defendant SMITH CHROME PLATING, INC. is an incorporated business within the State of Washington, located at 1012 North

PLEA AGREEMENT                                5

Ninth Avenue, Walla Walla, Walla Walla County, Washington ("the Facility") primarily involved with hard plating chromium onto steel used in agricultural equipment and has been in operation for over sixty years.

Defendant SMITH CHROME PLATING, INC. was issued a State Waste Discharge Permit No. ST-5340 ("the Permit") by the Washington Department of Ecology ("DOE") on June 3, 2008. DOE issued this permit through the delegated authority of Section 402 of the Clean Water Act ("CWA") to ensure compliance with the relevant requirements as an industrial user of the City of Walla Walla's Wastewater Treatment Plant, a publicly owned treatment works ("POTW"). In addition to the requirements in terms of monitoring, sampling, recordkeeping, etc., the Permit set forth specific discharge limits for certain pollutants as well as other parameters, such as flow and pH. Pursuant to the Permit, SMITH CHROME PLATING, INC. is required to submit a monthly discharge monitoring report ("DMR") setting forth the details of the Facility's discharges for the previous month.

In August 2009, Defendant SMITH CHROME PLATING, INC. informed DOE that it would begin a "no discharge" program. Under this program, Defendant SMITH CHROME PLATING, INC. would purportedly re-use the water generated by their plating process with the use of an ion exchange treatment system and a "closed loop" process. If Defendant SMITH CHROME PLATING, INC. was able to eliminate all

PLEA AGREEMENT 6

discharges to the wastewater treatment plant for one year, the Permit would be rescinded along with the associated fees and Defendant SMITH CHROME PLATING, INC. would no longer incur monthly sampling costs. Accordingly, beginning with their August 2009 DMR, the manager of the Defendant SMITH CHROME PLATING, INC. facility signed and indicated that the facility had "zero discharge" for that month. Defendant SMITH CHROME PLATING, INC. continued to submit DMRs – signed by manager – indicating that it had "zero discharge" through April 2010.

In February 2010, during a routine inspection of the Defendant SMITH CHROME PLATING, INC. facility, Washington Department of Ecology inspectors noticed a green garden hose leading from a sump pump into a drain that leads to the sanitary sewer. The inspector thought this was strange because the facility had been on a "zero discharge" program.

The manager of the Defendant SMITH CHROME PLATING, INC. facility ultimately admitted that soon after starting the "zero discharge" program, he realized it would not work. Reusing the wastewater was impacting the quality of the finished chrome product and they switched back to using freshwater. In approximately September 2009, the Facility started to store the wastewater, but when they accumulated too much, Defendant SMITH CHROME PLATING, INC. started to discharge again to the sewer in December 2009 and continued to do so until at least April 2010. Despite discharging

PLEA AGREEMENT                                7

regularly during this time, Defendant SMITH CHROME PLATING, INC. failed to monitor those discharges, failed to sample, and failed to keep any records or report the discharges. These are all violations of Defendant SMITH CHROME PLATING, INC. waste discharge permit.

Accordingly, Defendant SMITH CHROME PLATING, INC. negligently violated and caused to be violated requirements of a pretreatment program approved under 33 U.S.C §§ 1342(a)(3) and 1342(b)(8), by repeatedly discharging industrial waste to the City of Walla Walla's Waste Water Treatment Plant without monitoring, sampling, recording, or reporting such discharges, all in violation of Smith Chrome's Washington State Waste Discharge Permit issued pursuant to Washington Department of Ecology's approved pretreatment program.

This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

7. **Waiver of Inadmissibility of Statements**:

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant and/or the Defendant's duly authorized

representatives to law enforcement agents in the course of plea discussions in this case would be admissible against the Defendant in the United States' case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

8. **The United States Agrees**:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Information, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

9. **United States Sentencing Guideline Calculations**:

The Defendant understands and acknowledges that pursuant to United States Sentencing Guidelines (hereinafter "U.S.S.G.") §8C2.1 (Commentary) and § 8C2.10 (regarding the sentencing of organizations), there are no specific applicable section for corporate environmental crimes, including a fine range, and such sentencing determinations are left to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3553, 3571, and 3572.

10. **Criminal Fine**:

The Defendant and United States agree pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Defendant will pay a criminal penalty of $15,000 due to the length

PLEA AGREEMENT                                9

and breadth of the violations. This penalty will be paid in installments as follows: $5,000 upon entry of judgment in this case; $5,000 on or before February 4, 2014; and $5,000 on or before February 4, 2015. Failure to make such payments in accordance with this schedule will be considered a violation of the Defendant's probation.

**11. Probation:**

The Defendant and United States agree pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Defendant will serve a five (5) year term of probation to include the following special conditions, in addition to the standard conditions of probation:

(1) The Defendant shall make payments toward its criminal fine imposed in this case in accordance with the schedule set forth in Paragraph 10, above;

(2) The Defendant's place of business and all property subject to the control of the Defendant, including vehicles, storage space, file space (including electronically stored files), are subject to search at the direction of the Probation Officer;

(3) The Defendant shall comply with the "Agreed Order and Penalty Number 8971" issued by the Washington Department of Ecology with respect to hazardous waste and pretreatment violations that occurred at the Facility between December 2009 and May 2010.

If, on or after February 4, 2015, the Defendant has complied with all applicable state and federal environmental laws, has received written notification from the Washington Department of Ecology that all terms of "Agreed Order and Penalty Number 8971" have been satisfied, and has fully paid its $15,000 criminal fine as set forth in Paragraph 10, above, the Defendant may request early release from its five years of probation. If, at that time, Defendant has complied with all standard and special conditions of probation, the United States would have no objection to such early release.

12. **Corporate Authorization:**

The Defendant will provide to the United States Attorney's Office and to the Court written evidence in the form of a resolution of its directors and/or duly authorized corporate officers that the Defendant is authorized to plead guilty to the Information in this case, and to enter into and comply with all the provisions of this Plea Agreement. The resolution shall further certify that an identified individual is authorized to take these actions and that all corporate formalities, including but not limited to, approval by the Defendant's directors and/or duly authorized corporate officers, required for such authorization have been observed.

13. **Mandatory Special Penalty Assessment:**

The Defendant agrees to pay the $125 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

14. **Additional Violations of Law Can Void Plea Agreement:**

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

15. **Appeal Rights:**

The Defendant understands that it has a limited right to appeal or challenge the conviction and sentence imposed by the Court. The Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order. The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise

PLEA AGREEMENT                           12

of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

**16. Integration Clause:**

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

**Approvals and Signatures**

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

MICHAEL C. ORMSBY
United States Attorney

_____  Nov 13, 2012
JAMES A. GOEKE            Date
Assistant U.S. Attorney

_____  Nov 13, 2012
KARLA GEBEL PERRIN         Date
Special Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement.

PLEA AGREEMENT                13

Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____  11/13/2012
Representative for              Date
SMITH CHROME PLATING, INC.
Defendant

I have read this Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____  November 13, 2012
John T. Cooke                   Date
Attorney for the Defendant

PLEA AGREEMENT                        14